UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FELIPE DE JESUS NEGRETE                                                                     PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:12cv466-DPJ-FKB

CITY OF MENDENHALL, MISSISSIPPI, et al.                                      DEFENDANTS

ORDER

This case is before the Court on Plaintiff's Motion to Reset the Trial Date and Modification of the Scheduling Order [105]. Defendants the City of Mendenhall, Mississippi, and Clay Hollowell have responded in opposition [106, 107]. Because Plaintiff has failed to show good cause for the requested extension, the motion is denied.

I.      Facts and Procedural History

Plaintiff Felipe De Jesus Negrete filed this § 1983 case against the City of Mendenhall, Mississippi; Donald Bruce Barlow; Clay Hollowell; and Traci Barlow on July 6, 2012. Compl. [1]. The Court entered an initial Case Management Order on March 12, 2013, setting a September 19, 2013 discovery deadline, an October 3, 2013 motion deadline, and a March 2014 trial date. Case Management Order [30]. On September 12, 2013, the Court extended the discovery deadline to November 18, 2013, the motion deadline to December 2, 2013, and the trial date to April 2014. Sept. 12, 2013 Text Order. Thereafter, the case was stayed from October 10, 2013, through April 22, 2014. Once the stay was lifted, the Court held a second scheduling conference and set new deadlines: a November 6, 2014 discovery deadline, a November 20, 2014 motion deadline, and a April 2015 trial date. June 12, 2014 Text Order. The discovery and motions deadlines were again extended an additional thirty days at Plaintiff's request on November 7, 2014.

On the eve of the current December 8, 2014 discovery deadline, Plaintiff filed the instant motion seeking a further extension of discovery. Mot. [105]. Plaintiff asserts that he "has been unable to complete the needed Discovery during the previously requested and granted extension." *Id.* ¶ 4. Plaintiff claims that in the approximately 15 months of discovery, he has been unable to conduct the depositions of any of the defendants. *Id.* ¶¶ 4–6. Plaintiff therefore asks the Court to amend the Case Management Order "to accommodate further discovery between the parties," and to move the trial date "to the next term of Court." *Id.* at 2.

The City of Mendenhall responded to Plaintiff's motion, detailing Defendants' efforts to assist Plaintiff in scheduling the depositions Plaintiff wishes to take. Resp. [106] ¶¶ 4–5. It also noted that in the 15 months of discovery, Plaintiff took no depositions. *Id*. ¶3. Plaintiff failed to file a rebuttal in support of his motion, and the time to do so under Local Rules has now expired.

II.     Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Wright & Miller, Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Plaintiff's motion falls well short of demonstrating good cause. He has neither demonstrated why the existing deadlines could not have reasonably been met nor shown diligence on his part in pursuing the needed discovery. The motion is therefore denied.[1]

---

[1] Defendant Clay Hollowell has now moved for summary judgment based on the existing discovery, and extending the deadlines yet again would make that motion obsolete and cause further delay.

III.     Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiff's Motion to Reset the Trial Date and Modification of the Scheduling Order [105] is denied.

**SO ORDERED AND ADJUDGED** this the 23rd day of December, 2014.

                                           s/ *Daniel P. Jordan III*
                                         UNITED STATES DISTRICT JUDGE